CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 15 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

LEWIS ANTHONY ROBINSON,　　　　)
　　　　Plaintiff,　　　　　　　　　)　　　Civil Action No. 7:07cv00054
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　)
WARDEN D.S. BRAXTON, et al.,　　)　　　By: Hon. Jackson L. Kiser
　　　　Defendants.　　　　　　　)　　　Senior United States District Judge

Plaintiff Lewis Anthony Robinson, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. The case was originally filed in the United States District Court for the Eastern District of Virginia, Alexandria Division, but was transferred to this district because all of the defendants are located here and all the events pertaining to the lawsuit occurred here. See 28 U.S.C. § 1391.

Robinson alleges that, in violation of his constitutional rights, the defendants refused to transfer him to a "level one" institution. Plaintiff seeks the following: $150,000 in compensatory damages; an immediate transfer to a level one institution, with an expungement of his record; and "the whole list of defendants investigated and held responsible for their actions." Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### I.

Robinson states that, commencing with his arrival at Augusta Correctional Center ("Augusta") on December 27, 2002, he repeatedly requested to be transferred. He maintains that, "every April since 2003," he "scored out as a level-one inmate and [his] treatment counselor . . . put [him] in for a transfer" subsequent to each of his annual reviews. He adds that, despite the score he

1

received, he was usually "overrode [sic] to stay at a maximum security institution . . . ."

Additionally, Robinson relates that, on November 3, 2006, he was stabbed in the face by another inmate at Augusta because he would not submit to the extortion of money by a fellow inmate. Subsequently, he and his assailant were both subjected to confinement in Augusta's Special Housing Unit ("S.H.U."). In his complaint, plaintiff states that his assailant was returned to the general population while plaintiff "was left back in the S.H.U. where [he] still remain[s] today."

Plaintiff's complaint indicates that he is no longer housed at Augusta. Plaintiff is presently an inmate at Sussex II State Prison ("Sussex II").

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

## A.

To the extent plaintiff alleges that his incarceration at Augusta rather than at a "level-one" facility violated his due process rights or amounted to cruel and unusual living conditions, it fails. "In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate has no constitutional right to be housed in any particular prison, and prison officials have broad discretion to determine the facility at which an inmate is housed. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are

2

generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature);    but see, Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause).

Inasmuch as Robinson was not held in and has not been transferred to a "Supermax" facility, and he does not have a liberty interest in being incarcerated in any particular facility, I find that he has not stated a due process claim.

**B.**

Likewise, Robinson has failed to allege facts which suggest that his placement at Augusta violated the Eighth Amendment. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). An inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. To state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In order for

3

correctional officers to be held liable for failing to protect an inmate, they must know of and disregard an excessive risk to the inmate's health and safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 838 (1994).

Robinson concedes that, as a result of the attack on November 3, 2006, officials at Augusta removed him from further vulnerability when they placed him in the S.H.U. Moreover, plaintiff has not offered any facts to reasonably suggest that institutional personnel at Augusta were deliberately indifferent to the risks of any such attack. He does not allege that he complained to correctional personnel that he was being threatened with extortionate demands, much less that any such complaints were ignored.

Therefore, I find that Robinson has failed to raise a claim of constitutional magnitude as to his incarceration at Augusta. Furthermore, it is plain from the face of plaintiff's complaint that he has been transferred from Augusta to Sussex II, and thus no longer faces any danger at Augusta. Accordingly, the requested injunctive relief of transferring plaintiff from Augusta is unnecessary, and is **DENIED**.

### III.

Based on the foregoing, I find that Robinson has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 15th day of February, 2007.

Senior United States District Judge

5